UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:01CV-395-R

THE KROGER CO.,     PLAINTIFF

v.

AM-HI, INC., et al.,     DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff's motion for summary judgment against Defendant Mark Harvey ("Harvey") (Docket #61). Harvey has responded (Docket #63), and the Plaintiff, Kroger Company ("Kroger") has replied to that response (Docket #66). The Court invited additional briefs, but none were filed. This matter is now ripe for adjudication. For the following reasons, the Plaintiff's motion for summary judgment is **GRANTED**.

**BACKGROUND**

The facts in this matter are uncontested. Kroger has brought claims against Harvey claiming fraud, wrongful conversion and a violation of the Title 18 Racketeer Influenced and Corrupt Organizations Act ("RICO"). Harvey has asserted his Fifth Amendment right not to testify in response to any discovery actions taken by Kroger.

Harvey was an employee of Playtex Corporation ("Playtex") who sold Playtex products to Kroger. Terminated Defendant Robert Brady ("Brady") sold products to Kroger in some capacity, serving as a "diverter," up until 2001. Kroger claims that both Harvey and Brady were involved in a conspiracy to defraud Kroger that went on for nine years, which included a "middle-man" or a "diverter" buying products from Playtex and Gillette Corporations, and then selling them to Kroger at a higher price. The sham corporation involved in this scheme, Am-Hi, set up by Harvey and Al Irth ("Irth"), would receive part of the difference price from the diverter

while the remainder was deposited in an account at KEMBA Louisville Credit Union ("KEMBA Account").

Kroger has submitted an affidavit from the buyer involved in the scheme, Steve Glover ("Glover"); a former Kroger employee who has settled this matter with Kroger; and an affidavit from Irth, a former seller on behalf of Gillette, who has settled with Kroger as well.  Glover and Irth completed discovery on behalf of Kroger providing the Plaintiff with details about the conspiracy.  Irth stated that the scheme netted more than $1,000,000 over nine years.  This included $503,862 that Am-Hi deposited into the KEMBA Account between 1996 and 1998.  Irth also admitted that he and Harvey participated in stealing defective products from the Kroger reclamation center, and subsequently sold them without authorization.  Irth stated that he and Harvey stole $30,547.79 in merchandise.  Additionally, Brady admitted in a recorded statement to Kroger security personnel that he gave Glover $75,000 in kickbacks between 1993 and 1996.  As such, Kroger claims $534,409.79 in damages from Harvey, respectively.

In his response to Kroger's motion for summary judgment, Harvey argues that he sold Playtex products to Kroger at a price set by Playtex and agreed to by Kroger.  Harvey further alleges that Kroger, by and through its agents, determined the frequency and quantity of their orders, and that Kroger retained all decisions to buy, sell or divert inventory, which included buying from diverter companies.

Kroger has replied to Harvey's response, contesting the validity of his statements, and asking the Court to strike them from his response.  Kroger further emphasizes that because Harvey raised his Fifth Amendment privilege not to answer interrogatories he may not submit affidavits or other proof on matters addressed in interrogatories because by claiming his

constitutional right he has thwarted the discovery process. Kroger alleges to have offered enough evidence to meet its burden, and contends that if it lacks complete discovery in this matter to meet its Rule 56 burden it is because Harvey has plead the Fifth Amendment in response to Kroger's interrogatories. Kroger also states that the Defendant should not be able to use the Fifth Amendment privilege as both a "shield" and a "sword."

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to

render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

### *Fifth Amendment Privilege*

Kroger argues that by asserting his Fifth Amendment privilege in a civil context, Harvey may not introduce evidence concerning the matters in which the Defendant chose not to respond. Kroger cites the Sixth Circuit Court of Appeals case of *Traficant v. Commissioner of I.R.S.*, where the Court held once litigants in a civil matter assert the Fifth Amendment privilege, these same litigants could not introduce evidence on those matters which they would not respond to during the course of the litigation. *Traficant v. Commissioner of I.R.S.*, 884 F.2d 258, 265 (6th Cir. 1989). Unlike criminal cases, in civil cases, when a defendant chooses to remain silent on an issue by invoking his/her Fifth Amendment privilege, that silence may be used against him/her later on in the litigation. *Baxter v. Palmigiano*, 425 U.S. 308, 317-18 (1976). Further, exercising the Fifth Amendment right cannot be used by the non-moving party to avoid satisfying the burden under Rule 56 to show that a genuine issue for trial exists. *United States v. Certain Real Property 566 Hendrickson Blvd., Clausen Oakland County, Michigan*, 986 F.2d 990, 996 (6th Cir. 1993) *citing United States v. Rylander*, 460 U.S. 752, 758 (1983).

The Court further notes this case has been on-going for five years because of the Fifth

Amendment response taken by the Defendant that continuously stalled discovery. The Defendant had ample opportunity to provide a deposition or take discovery. The Court also engaged the services of a Magistrate Judge who attempted, without success, to settle the case. This was done after the parties had filed motions for summary judgment. The Defendant was well aware that he had provided no discovery. However, he did not avail himself of the settlement opportunity. It was clear the Defendant's case had little or no merit. The Court provided ample opportunity for the Defendant to develop a record, even absent his own testimony, to defend this action. He has not done so.

In the instant matter, the Defendant did not answer the interrogatories submitted to him by the Plaintiff stating instead that he wished to invoke his Fifth Amendment privilege. Although the Defendant has a right to do this throughout the course of the litigation, as determined by the Court in *Traficant*, he must be precluded from providing further evidence addressing the matters covered in the interrogatories. These facts had been requested by the Plaintiff in its interrogatories to Harvey, and the Defendant responded by asserting his Fifth Amendment privilege at that time. By exercising his Fifth Amendment right, the Defendant precluded a complete discovery by Kroger as to their side of the story. The Defendant may exercise this right as a shield, but cannot simultaneously use it as a sword. As such, Harvey may not address these matters in his response to Kroger's motion for summary judgment. Accordingly, no factual disputes exists in determining whether or not the Defendant committed fraud and wrongful conversion against Kroger.

### *Claims of Fraud, Conversion and RICO*

In its motions for summary judgment and its reply to the Defendant's response, Kroger asserts claims against Harvey for fraud, wrongful conversion and violations of RICO. On February 16, 2006, the Court issued a clarification order requesting that the Plaintiff supplement its claims against the Defendants at that time. Subsequent to that order, the parties attempted to settle this dispute, to no avail.

On August 16, 2006, the Court reinstated the motion for summary judgment and other coinciding documents, and requested that the Plaintiff once again supplement its complaint. As of August 28, 2006, the Plaintiff has not responded. However, in looking at the complaint and motion for summary judgment for a second time, the Court finds that the Plaintiff has properly asserted claims of fraud and wrongful conversion against Harvey. As stated by the Sixth Circuit Court of Appeals in *Minger v. Wilson*, Judge Boggs explained that Courts must look "beyond labels [of a complaint] to the substance of the allegations." *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001). In *Minger*, the Court determined that even though the complaint labeled a claim for negligent performance, in actuality the complaint stated a claim for intentional misrepresentation. *Id.* Here, in reexamining the complaint and motion for summary judgment, the Court finds that Kroger has properly asserted claims against Harvey for fraud and wrongful conversion, and therefore, has met its burden under FRCP 8 and FRCP 56. However, the RICO violation against the Defendant has not been properly argued in its motion for summary judgment. As such, Kroger has met its burden on claims for fraud and wrongful conversion. The Court will address these causes of action at this time. In addition, the Court will also address the Plaintiff's request to strike specific sections of the Defendant's response.

**1. Fraud**

To sustain a claim for fraud, a party must demonstrate by clear and convincing evidence that it meets the following six (6) elements, which include: 1) a material representation; 2) which is false; 3) known to be false or made recklessly; 4) made with inducement to be acted upon; 5) acted in reliance thereon; and 6) causing injury. *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999).

In applying the facts in this matter to the above mentioned test, Kroger has satisfied its burden in meeting the six elements for fraud. The Defendant misrepresented the price of goods to Kroger at a price that he knew was higher than what Kroger should have received. The Defendant made these misrepresentations knowing that Kroger would purchase these items because Kroger relied on the statements and representations from the seller and diverter, in this case Harvey. Lastly, Kroger suffered a financial injury, which amounted to $503,862. Therefore, the Court finds that enough evidence exists to sustain a claim for fraud.

**2. Conversion**

To establish the tort of conversion, the Plaintiff must show: 1) the plaintiff had legal title to the converted property; (2) the plaintiff had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner that denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment; (4) the defendant intended to interfere with the plaintiff's possession; (5) the plaintiff made some demand for the property's return which the defendant refused; (6) the defendant's act was the legal cause of the plaintiff's loss of the property; and (7) the plaintiff suffered damage by the loss of the property. *Kentucky Ass'n of Counties All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 632 n.12 (Ky.2005).

7

In applying the facts in this matter to the above mentioned test, Kroger has sustained a claim for wrongful conversion. Kroger had legal title to the converted property as well as proper possession of the property at the time of the conversion when Harvey stole the property from a Kroger warehouse. Harvey exercised control of these goods for his own benefit when he sold the property of Kroger without their permission after taking it from them. The Plaintiff demanded that the Defendant return the proceeds from the unauthorized sales, which the Defendant did not. This left the Plaintiff short $30,547.79, which qualifies as injury suffered from the loss of the property. Therefore, the Court finds that enough evidence exists to sustain a claim for wrongful conversion.

### 3. Harvey's Response

In his response to Kroger's motion for summary judgment, Harvey attempted to contest the facts submitted by Kroger in paragraphs two (2) and three (3) of his response. These statements by Harvey cannot be used because Harvey is precluded from introducing evidence that he initially shielded when he exercised his Fifth Amendment privilege not to answer Kroger's interrogatories. As such, the Court grants Kroger's request to strike paragraphs 2 (two) and 3 (three) from consideration in this motion.

Harvey has not met his Rule 56 burden because he has not shown a genuine issue of material facts. As mentioned *supra*, Harvey cannot use the Fifth Amendment right to satisfy his Rule 56 burden. The lack of evidence on the part of Harvey combined with the fact that Kroger has offered enough evidence to meet its Rule 56 burden warrants granting the Plaintiff's motion for summary judgment against Harvey on the claims of fraud and wrongful conversion. This is further supported by the affidavits of both Irth and Glover, who gave firsthand account details of

the conspiracy, including the role that Harvey played. The Court finds that Harvey shall pay Kroger the amount of $534,409.79.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's motion for summary judgment is **GRANTED** . Defendant Harvey shall pay Kroger an amount $534,409.79.

An appropriate order shall issue.